**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ABDOULAYE SENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 8:17-cv-00203-PWG |
| ) | |
| EQUIFAX INFORMATION SERVICES ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that it received numerous disputes from Plaintiff regarding various items of credit information during 2016.

2. Equifax states that the provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*., ("FCRA") purportedly cited by Plaintiff in his Complaint speak for themselves and to the extent Plaintiff misstates, misrepresents, and/or mischaracterizes the provisions of the FCRA, the allegations in Plaintiff's Complaint are

1

denied.

3. Equifax denies that it violated the FCRA in its handling of Plaintiff's Equifax credit file, or in responding to Plaintiff's reinvestigation requests and requests for verification.

4. Equifax denies that Plaintiff has suffered any damages as a result of any alleged conduct of Equifax.

5. Equifax denies that Plaintiff is entitled to the relief requested in Plaintiff's Complaint.

6. Equifax admits Plaintiff has demanded a trial by jury and likewise demands a jury trial in this case.

7. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## **DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## **FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

## **SECOND DEFENSE**

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

## **THIRD DEFENSE**

Plaintiff's damages, if any, were not caused by Equifax, but by another person or

entity for whom or for which Equifax is not responsible.

### FOURTH DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### FIFTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same.  Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

### SIXTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

### SEVENTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) Equifax be dismissed as a party to this action;

(3) Equifax receive a trial by jury for all issues so triable;

(4) Equifax recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 30th day of January, 2017.

*/s/ Nathan D. Adler*
Nathan Daniel Adler, Esq.
Bar No: 22645
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland -21202-3201
(410) 332-8516
(410) 332-8517 - Fax
nda@nqgrg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30 day of January, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and sent a copy via U.S. Mail to:

Abdoulaye Sene
10010 Vanderbilt Circle
#11
Rockville, MD 20850

                                                    */s/ Nathan D. Adler*
                                                    Nathan Daniel Adler